Dixon v. Allender.

---

Dixon (*an alleged slave*) *vs.* Allender (*claimant.*)

Question on the writ *de homine replegiando*, in the case of a *slave* escaped from the service of his master; and as to the proof necessary to be exhibited.

A writ *de homine replegiando* was sued out in this case by the alleged slave, and a motion was now made by the claimant to *quash* the writ, on the strength of the decision of this court in the case of *Jack, a negro man*, v. *Martin*, (12 *Wendell*, 311.)

       *H. Dresser*, in opposition to the motion, insisted that the certificate [679] granted by the recorder in this case, to the claimant, was granted without such proof having been adduced as is required by the statute on this subject, (*Laws of the U. S. vol.* 2, *p.* 165, *passed* 12*th February*, 1793,) and that therefore the question of the constitutionality of the act of this state allowing the suing out of a writ *de homine replegiando*, did not arise. The proof exhibited to the recorder was not taken before and certified by a magistrate of the state from whence the alleged slave was said to have escaped. This he contended was necessary, and without a certificate could not legally be granted. The language .of the *third section* of the act is, " upon proof to the satisfaction of such judge or magistrate, either by oral testimony or affidavit taken before and certified by a magistrate of any such state or territory, that the person so seized or arrested doth, under the laws of the state or territory from which he or she fled, owe ser-

Bank of Monroe v. Brockway.

vice," &c., it shall be the duty of such judge or magistrate to give a certificate, &c. Language, he argued, could not be more explicit, requiring the proof to be taken *before* and certified *by* a magistrate of the state from which the alleged slave had escaped. In the case of *fugitives from justice,* provided for by the *first section* of the same act, it had never been doubted that the *affidavit* charging the offence alleged to have been committed, must be made *before* a magistrate of the state or territory from which the party was alleged to have fled; and the uniform construction had been, that the affidavit must be so taken; and he insisted that the phraseology of the third section demanded the same construction. If right in his construction of the statute, the writ *de homine replegiando,* he contended, ought not to be quashed.

The Court, NELSON, Ch. J. presiding, directed the motion to be suspended until the next special term; in the mean time the attorney for the plaintiff to have leave to prepare and serve his declaration, and the attorney for the defendant to have leave to plead the proceedings had before the recorder under the act of congress, to which the plaintiff may *demur*, with the view to enter the formal judgment of this court, so that the cause may be removed to the court of dernier resort in this state, for a final decision upon the constitutional [680] question involved in the motion now made; he further directed that a record be made up and presented to him for settlement previous to the entry of judgment thereon.